UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH LANARR MC-INTOSH, SR., CDCR #AU3829,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEP'T, et al.,<br><br>Defendants. | Case No.: 3:17-CV-00946-JLS-PCL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL; AND**<br><br>**3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)**<br><br>**(ECF Nos. 3, 5)** |

Plaintiff Nehemiah Mc-Intosh, Sr., a state inmate since 2014,[1] currently incarcerated at the California Institution for Men located in Chino, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C.

---

[1] *See* http://inmatelocator.cdcr.ca.gov/Results.aspx (website last visited Sept. 27, 2017)

1

§ 1983. (ECF No. 1.) Plaintiff alleges his constitutional rights were violated when he was temporarily housed at the San Diego County Central Jail in 2016. (*See* Compl. 3.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 5.) In addition, Plaintiff has filed a "Request for Appointment of Counsel." (ECF No. 3.) Having considered these documents and the law, the Court: (1) **DENIES** Plaintiff's Motion to Appoint Counsel; (2) **GRANTS** Plaintiff's Motion to Proceed IFP; and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## I.     Motion to Appoint Counsel

Plaintiff seeks appointed counsel in this matter on the grounds that he is indigent. (Plaintiff's Motion ("Pl.'s Mot.") 1, ECF No. 3.) However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

The Court finds nothing in Plaintiff's Complaint, or in his Motion to Appoint Counsel suggesting he is incapable of articulating the factual basis for his discrimination claims, which appear "relatively straightforward." *Id.* In addition, at this initial stage of the pleadings, Plaintiff has not yet shown a likelihood of success on the merits. *See infra* Section III. Therefore, the Court finds no "exceptional circumstances" and **DENIES** his Motion to Appoint Counsel. (ECF No. 3.)

## II. Motion to Proceed IFP

Generally, all parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if a prisoner is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account certificate pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. *Andrews*,

---

[2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

3

3:17-CV-00946-JLS-PCL

398 F.3d at 1119. The Court has reviewed Plaintiff's trust account certificate, but it shows that he has a current available balance of only $3.51. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 5) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

*A. Standard of Review*

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

**B. Plaintiff's Claims**

*1. Improper Defendants and Municipal Liability*

Plaintiff seeks damages against several named and unnamed San Diego Sheriff's Department deputies as well as the San Diego County Sheriff's Department generally under 42 U.S.C. § 1983. (Compl. 3–5, 12.) As an initial matter, the Court finds that to the extent Plaintiff names the entire "San Diego County Sheriff's Department," his claims

must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

Section 1983 provides a cause of action against any "person" who, under the color of state law, deprives an individual of federal constitutional right or limited federal statutory rights. 42 U.S.C. § 1983. The term "person" includes state and local officials sued in their individual capacities and local governments. *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). Yet, Local law enforcement departments, municipal agencies, or subdivisions of those department or agencies, are not proper defendants under § 1983. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Williams v. Gore*, No. 12-CV-2952-MMA-WMC, 2013 WL 3864344, at *2 (S.D. Cal. July 23, 2013).

While the County of San Diego itself may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), Plaintiff has not named the County as a Defendant. Moreover, as a municipality, the County may be held liable under § 1983—but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, a "municipality cannot . . . 'be held liable under § 1983 on a respondeat superior theory.'" *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monnell*, 436 U.S. at 694). "Liability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom. . . ." *Id.* (quoting *Monell*, 436 U.S. at 694).

As currently pleaded, Plaintiff's Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because he has failed to allege any facts which "might

plausibly suggest" that the County itself violated his constitutional rights. As noted earlier, the San Diego County Sheriff's Department, as a local law enforcement department, is not liable under § 1983. Plaintiff's claims against local officials in their individual capacity are generally allowed under § 1983, but for reasons articulated in Subsections III.B.2–4, *infra*, do not state a claim for relief.

### 2. Verbal Harassment

Plaintiff claims that he was subjected to "sexual harassment" when he was transported from the George Bailey Detention Facility to the "Southbay region Court house" on December 14, 2016. (Compl. 6.) Specifically, Plaintiff alleged that a transportation officer told Plaintiff that he was going to "bend me over like he had my mom." (Compl. 19.) Plaintiff also alleges he was called "[i]lliterate and stupid" and that the deputy was going to "fuck me up if I don't complie [sic]." (*Id.* at 20 (emphasis omitted).) While the Court notes that Plaintiff also attached responses from the Sheriff's Department denying those allegations, at this stage the Court construes factual pleadings as true. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

That said, allegations of verbal harassment and abuse, by themselves, fail to state a claim cognizable under 42 U.S.C. § 1983. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schiro*, 514 F.3d 878, 885–86 (9th Cir. 2008); *see also, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *as amended*, 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment).

Thus, the Court finds that Plaintiff's claims of verbal harassment must be **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1).

### 3. Grievance Procedures

It appears that Plaintiff also seeks to hold Defendants liable for alleged due process violations for the manner in which they responded to his administrative grievances. (*See*

Compl. 7–8 .) While the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that inmates have no protected property interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640; *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In addition, Plaintiff has failed to plead facts sufficient to show that Defendants deprived him of a protected liberty interest by allegedly failing to respond to any particular prison grievance in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223–27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff pleads no facts to

suggest how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship." *Id.* at 483–84.

Thus, the Court finds that Plaintiff's due process must be **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1).

*4. Medical Claims*

Plaintiff alleges that suffered an injury to his right eye on December 24, 2016. (Compl. 9.) Plaintiff was prescribed an "ice pack" along with pain medication and an order to have x-rays taken. (*Id.*) The next day when Plaintiff was receiving treatment for an unspecified foot injury, he attempted to seek further treatment for his eye. (*Id.* at 9–10.) However, Plaintiff claims that he was refused further treatment. (*Id.* at 10.) Three days later, Plaintiff received an x-ray for his right eye. (*Id.* at 11.)

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that

9

significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059–60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337–41 (9th Cir. 1990); and *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989)).

Even assuming Plaintiff's medical needs were sufficiently serious, his Complaint fails to include any further "factual content" to show that any named Defendant acted with "deliberate indifference" to his needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Here, Plaintiff admits that he was treated for his injury. He was seen by medical personnel and provided x-rays and pain medication. Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557), which demonstrates Defendants' "purposeful act or failure to respond to [his] pain or possible medical need," and the "harm [was] caused by [their] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096).

To be deliberately indifferent, Defendants' acts or omissions must entail more than an ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122–23. Further, an "*inadvertent* failure to provide adequate medical care" does not state a deliberate indifference claim under § 1983. *Wilhelm*, 680 F.3d at 1122 (citations omitted). Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

Plaintiff's Complaint, however, contains no facts sufficient to show that Defendants acted with deliberately indifferent to his plight by "knowing of and disregarding an[y] excessive risk to [Plaintiff's] health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, the Court finds that Plaintiff's medical care claims must be **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

### C. Leave to Amend

Because Plaintiff is proceeding without counsel, and he has now been provided with notice of his Complaint's deficiencies, the Court will grant him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice. (ECF No. 3.)

2. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 5).

3. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

5. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with Civil Local Rule 8.2(a). Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* Civil Local Rule 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Clerk of Court is directed to mail Plaintiff a copy of a court approved form § 1983 complaint.

**IT IS SO ORDERED**.

Dated: September 28, 2017

Hon. Janis L. Sammartino
United States District Judge